# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:05CR199 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | TENTATIVE FINDINGS |
| ) | |
| ROGELIO L. VALENZUELA-LOPEZ, ) | |
| ) | |
| Defendant. ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto[1] (Filing No. 182). The government adopted the PSR (Filing No. 183). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant's objections are discussed below.

## ¶ 38 - Role

The Defendant objects to the lack of a minimal role adjustment under U.S.S.G. § 3B1.2(a). The objection will be heard at sentencing. The Defendant has the burden by a preponderance of the evidence.

## ¶ 48 - Prior Conviction

The Defendant objects to the criminal history point assessed for this conviction, arguing that it was a misdemeanor that "occurred more than 15 years ago and more than 10 years prior to defendant[']s conduct in this offense."

---

[1] It does not appear that the objections were informally raised with the probation officer as required in ¶ 4 of the PSR.

U.S.S.G. § 4A1.2(e)(1) states that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed fifteen years of the defendant's commencement of the instant offense is counted." U.S.S.G. § 4A1.2(e)(2) states that any other prior sentence imposed within 10 years of the Defendant's commencement of the instant offense is counted. With respect to the offense listed in ¶ 48, sentence was imposed on September 25, 1995. That sentence falls within § 4A1.2(e)(2). The Defendant pleaded guilty to Count V of the Indictment charging him with possession with intent to distribute of methamphetamine mixture on or about March 21, 2005. The PSR reflects that he in fact completed a drug transaction on that date. Therefore, as the Defendant's conduct in the instant offense occurred within 10 years of his sentencing in the offense set out in ¶ 48, the prior offense is properly counted. The fact that the offense was a misdemeanor is immaterial.

### *¶ 49 - Prior Conviction*

The Defendant was sentenced for the offense described in ¶ 49 on September 19, 1995. Following the same analysis described regarding ¶ 48, that date is within 10 years of the Defendant's conduct in the instant offense. It is immaterial that the offense was a misdemeanor. Therefore, this offense is properly counted.

### *¶ 51 - Deferred Prosecution*

The Defendant argues that the prosecution of the offense described in ¶ 51 was deferred, and therefore it should not be counted. The PSR reflects the following: "Deferred judgment, 365 days unsupervised probation, 30 hours community service." Therefore, the "judgment," not the prosecution, was deferred in this instance.

The Eighth Circuit affirmed the Honorable Richard G. Kopf's decision to assess one criminal history point for a prior offense in which the defendant obtained a deferred entry of judgment. *United States v. Perales,* 487 F.3d 588, 589 (8th Cir. 2007) (per curiam). The Eighth Circuit reasoned that requirements that a defendant complete certain conditions to be discharged from further liability constitute a "supervisory component" and therefore are equivalent to a "criminal justice sentence." *Id.* The Eighth Circuit later distinguished between a deferred judgment, as in *Perales,* and a deferred prosecution, which cannot be considered a "criminal justice sentence." *United States v. Spikes,* 543 F.3d 1021, 1024-25 (8th Cir. 2008).

Applying the reasoning described by the Eighth Circuit, in this case the judgment, as opposed to the prosecution, is deferred. From the information presented in the PSR, it appears that this situation is analogous to the circumstances in *Perales.* The Defendant was under a criminal justice sentence, and one criminal history point was properly assessed.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 48, 49, and 51 are denied;

2. The Defendant's objection to ¶ 38 will be heard at sentencing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.  Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

Dated this 26th day of October, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court